**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYRIAM M. LONAKER,<br><br>Plaintiff(s),<br>v.<br><br>WORLD SAVINGS BANK, FSB, et. al.,<br><br>Defendant(s).<br>_____/ | CASE NO. 5:12-cv-05554 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket Item No(s). 8] |

### I.   INTRODUCTION

On or about January 24, 2007, *pro se* Plaintiff Myriam M. Lonaker ("Plaintiffs") executed a Deed of Trust for $710,000.00 in favor of World Savings Bank, FSB in order to purchase certain real property located in San Jose, California. See Compl., Docket Item No. 1, at ¶ 20; see also Req. for Judicial Notice ("RJN"), Docket Item No. 9, at Ex. 2.[1]  Golden West Savings Association Service Co. ("Golden West") was named as the original trustee. Id.

On April 29, 2010, a Notice of Default was recorded by NDex West, L.L.C. ("NDex"). See Compl., at Ex. B.  A Substitution of Trustee naming NDex as the trustee in place of Golden West was thereafter recorded on June 11, 2010. See RJN, at Ex. 6.  NDex then recorded a Notice of Trustee's Sale on November 21, 2011, and the property was eventually sold on December 12, 2011.

---

[1] The RJN is GRANTED in its entirety. See Docket Item No. 9; Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1  See Compl., at Exs. C, D.

2  Plaintiff commenced this action against Defendants World Savings Bank, FSB ("World Savings"), Wells Fargo Bank, N.A. ("Wells Fargo"), and NDex (collectively, "Defendants") in state court on February 16, 2012. Wells Fargo removed the action to this court on October 29, 2012.

Presently before the court is Wells Fargo's Motion to Dismiss the complaint. See Docket Item No. 8. Plaintiff has not filed written opposition the motion, and the time for filing an opposition has passed. The court therefore finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for February 22, 2013, will be vacated, and for the reasons stated below, the motion to dismiss will be granted.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to

2
CASE NO. 5:12-cv-05554 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

accept as true a legal conclusion couched as a factual allegation." Id.

## III. DISCUSSION

The Complaint contains four causes of action: (1) set aside void trustee's sale, (2) cancellation of trustee's deed, (3) wrongful exercise of power of sale, and (4) quiet title.  None are sufficient to state a claim.

The first cause of action to set aside the trustee's sale is based on Defendants' purported failure to comply with an unidentified subsection of California Civil Code § 2929 *et. seq.*, as well as a purported failure to comply with California Civil Code § 2923.5.  But despite citing these code sections as a legal basis to set aside the sale, the actual factual allegations do not support liability under these statutes.

In that regard, it is unclear how Civil Code § 2929 or its related statutes apply to a cause of action seeking the set aside of a trustee's sale.  That particular statute states: "No person whose interest is subject to the lien of a mortgage may do any act which will substantially impair the mortgagee's security."  The subsequent sections generally address issues of waste and nuisance.  See Cal. Civ. Code §§ 2929.3, 2929.4, 2929.45, 2929.5  None of these statutes require that certain notices be issued prior to a trustee's sale or otherwise require that these notices be issued in a particular manner.  Furthermore, these statutes do not provide for the undoing of a completed sale.

But even if they did, Plaintiff did not allege how any missing, improper or even fraudulent notices caused her prejudice, considering she was in default on the underlying loan.  In order to sufficiently demonstrate prejudice from alleged procedural deficiencies, an ability to tender the amount owed on the loan must also be alleged.  Indeed, "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, *7-8, 2009 WL 2136969 (N.D. Cal. July 16, 2009); see also Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); see also Knapp v. Doherty, 123 Cal. App. 4th 76, 96 (2004).

3
CASE NO. 5:12-cv-05554 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1     Plaintiff's allegations under Civil Code § 2923.5 fare no better.  Under that section, Plaintiff
2 appears to assert that Wells Fargo and NDex lacked standing to initiate a trustee's sale.  Judicially-
3 noticeable documents demonstrate something to the contrary.  As this court has previously found
4 based on the same documentation presented here, "[t]he name of World Savings Bank was changed
5 to Wachovia Mortgage effective December 31, 2007, and was subsequently acquired by a national
6 banking association, namely Wells Fargo Bank."  Garcia v. Wells Fargo Bank, No. 5:12-cv-01670
7 EJD, 2012 U.S. Dist. LEXIS 92333, at *4-5 n. 2, 2012 WL 2576206 (N.D. Cal. July 3, 2012); see
8 also RJN, at Exs. 3-5.  Based on this chain of events, where Wells Fargo acquired an interest
9 through the process of merger rather than sale, it is of no surprise that Plaintiff was unable to locate
10 any recorded assignments in favor of Wells Fargo.  None were necessary.  Moreover, the
11 Substitution of Trustee recorded on November 21, 2011, clarifies that the foreclosure process was
12 initiated by "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent," namely by
13 NDex, just as § 2923.5 requires.[2]

14     For these reasons, the first cause of action must be dismissed.  In addition, the second, third
15 and fourth causes of action, each of which are based on the same allegation that neither Wells Fargo
16 nor NDex had standing to foreclose, must also be dismissed on the same grounds.

### IV.  ORDER

18     Based on the foregoing, Wells Fargo's Motion to Dismiss (Docket Item No. 8) is
19 GRANTED.  All causes of action in the Complaint are DISMISSED WITH LEAVE TO AMEND.

20     Any amended complaint must be filed on or before March 8, 2013.  Plaintiff is advised that
21 failure to file a timely amended complaint or failure to amend the complaint in a manner consistent
22 with this Order may result in the dismissal of this action without further notice. Plaintiff is further
23 advised that she may not add new claims or parties without first obtaining Defendants' consent or
24 leave of court pursuant to Federal Rule of Civil Procedure 15.

---

[2] To the extent Plaintiff takes issue with the fact that the Notice of Trustee was recorded subsequent to the Notice of Default, she has not indicated how the order of recordings caused her prejudice.  In any event, § 2923.5 can no longer afford Plaintiff any relief now that the trustee's sale has occurred.  "[U]nder the plain language of section 2923.5, read in conjunction with section 2924g, the only remedy provided is a postponement of the sale before it happens."  Mabry v. Super. Ct., 185 Cal. App. 4th 208, 235 (2010).

The hearing and Case Management Conference scheduled for February 22, 2013, are VACATED. Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: February 19, 2013



EDWARD J. DAVILA
United States District Judge

5

CASE NO. 5:12-cv-05554 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS